## N. Y. COMMON PLEAS.

FREDERICK GROTZ, respondent, agt. GEORGE HUSSEY and another, appellant.

*Replevin proceedings in district courts — Undertaking must be approved by the justice.*

In replevin proceedings in the district courts the undertaking, on the part of the plaintiff, must be approved by the justice, and not by the marshal.

*General Term, May,* 1881.

*Before* DALY, *C. J.*, VAN BRUNT *and* J. F. DALY, *JJ.*

ON the 8th of February, 1881, a summons was issued by the clerk of the seventh district court in this action, returnable on the 15th of February, 1881, requiring the defendant to answer the complaint of the plaintiff in this action, and a notice that the plaintiff would take judgment against the defendant for the sum of $150, if the defendant then failed to appear and answer. At the same time an affidavit for the claim and delivery of personal property therein mentioned was made and submitted to the justice, who signed the following requisition:

"To the marshal of the city of New York, to whom the summons in this action is delivered: I hereby require you to replevy the property described in the within affidavit, on or before the 15th day of February, 1881, at least six days before the return day of the summons. Dated New York, February 8, 1881."

At the same time was delivered to the marshal an undertaking upon the part of the plaintiff, and the marshal indorsed his approval of the written undertaking as to its form and sufficiency. Upon the return day of the summons the defendant Hussey appeared by his attorney, and before interposing an answer in the case made a motion to dismiss the replevin

proceedings upon two grounds: First, because the proper indorsement was not made upon the affidavit; and, second, that the undertaking should have been approved by the justice and not by the marshal. This motion was denied and the defendant excepted. The plaintiff thereupon made an oral complaint of the unlawful taking and conversion of personal property, and defendant answered by a general denial; and the issues thus raised were tried and resulted in a judgment in favor of the plaintiff against the defendant Hussey "for the possession of the property claimed in this action, or in case the possession or receiving possession cannot be had, then and in such case the plaintiff have judgment for the value of such property, which is hereby assessed at the sum of $100. From this judgment the defendant appeals to the general term of this court.

*Henry Steinert*, for plaintiff.

*D. M. Porter*, for defendant.

VAN BRUNT, *J.* — The condition of the statutes regulating replevin proceedings, both in district courts and courts of record, is somewhat anomalous. By section 17, chapter 484 of the Laws of 1862, sections 206 to 217, inclusive, of the Code of Procedure were made to apply to the district courts in the city of New York; these sections of the Code of Procedure regulating the course of replevin proceedings in courts of record. By the repealing act of 1877, chapter 417, passed at the time of the adoption of the new Code of Procedure, the above sections of the old Code are expressly excluded from the repealing act, and we do not find that by the repealing act of 1880, chapter 245, they have been affected.

Although these sections remained in full force and effect, apparently, the new Code of Civil Procedure has adopted a complete system of procedure in actions to recover possession of personal property, and it is provided what shall be the

Grotz agt. Hussey.

course of such procedure in the district courts. By section 3210, articles 3, 4 and 5 of title 2 of chapter 19 of this act was made to apply to actions brought in a district court of the city .of New York. Article 5 of said title provides what the requisition shall be, and prescribes the form of the affidavit and undertaking, which shall be in all respects similar to the affidavit and undertaking required to be delivered to the sheriff as prescribed by the Code, except that the sureties upon the undertaking must be approved by the justice. The sureties in the case at bar, having been approved by the marshal, no undertaking was given and approved as required by the Code, so as to confer any jurisdiction upon the marshal to execute the proceedings.

The justice erred, therefore, in not dismissing the proceedings when this objection was taken.

It is urged upon the part of the plaintiff and respondent that even if the proceedings in replevin had been dismissed, a summons having been served, the action might still have proceeded. It is sufficient answer to this objection to say that the only way in which any error in the ruling of the justice as to the regularity of any preliminary proceedings can be reviewed, is upon an appeal from the judgment, and that such exceptions form necessarily a part of the return.

It might be further said that the judgment pronounced by the justice was predicated upon these proceedings. If those proceedings did not exist, a judgment *in rem* could not have been pronounced, as was pronounced by the justice.

· The order of the justice in sustaining the proceedings therein, pervades the judgment itself, which was rendered upon the trial of the issues raised by the pleadings.

The ruling of the justice having been erroneous in regard to these proceedings, the judgment must be reversed.